IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. BUCKSHAW,<br><br>                Plaintiff,<br><br>   v.<br><br>AMTRAC, et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 02-02567 |

**Slomsky, J.**                                                                                           June 30, 2022

**OPINION**

**I.    INTRODUCTION**

Plaintiff John J. Buckshaw ("Plaintiff")[1] filed the instant pro se Motion for Leave to Amend his Complaint. (Doc. No. 30.) In his Motion, Plaintiff seeks to reopen a case he originally filed in May 2002. Upon review of the Motion and the docket, the Court construes the Motion to be a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Defendants have not filed a response. For reasons that follow, the Motion will be denied.

**II.    BACKGROUND**

On May 3, 2002, Plaintiff filed his initial complaint, asserting a variety of claims against "Amtrac,"[2] "Philadelphia Municipal Court", "the Hospital at the University of Pennsylvania", and "the Pennsylvania Convention Center." (Doc. No. 2.) The case was originally before the

---

[1] Plaintiff is a frequent litigator in this Court. Beginning in 2002, Plaintiff has opened 60 pro se cases.

[2] While this is the spelling on the original complaint, it is evident that Plaintiff is referring to Amtrak, the National Railroad Passenger Corporation. (See, e.g., Doc. No. 30 at 89.) ("The Amtrak Police caught [Plaintiff] about half way across the bridge and forced [Plaintiff] to the train station and after entering the station, a third police man grabbed ["Plaintiff's] hand while cuffed to the other hand and attempted to lift [Plaintiff] by one hand behind the [Plaintiff's] back or otherwise to back ["Plaintiff's] wrist around the hand cuff.")

Honorable Louis H. Pollack. On July 15, 2002, Judge Pollack provided Plaintiff with an opportunity to amend his complaint. (Doc. No. 10.) Instead of filing an amended complaint, Plaintiff filed a "Three Judge Motion for Summary Judgment in Declaratory Judgment." (Doc. No. 13.) The case was ultimately dismissed with prejudice pursuant to Eastern District of Pennsylvania Local Rule 41.1(b).[3] (Doc. No. 16.) Plaintiff then appealed the dismissal, which was denied by the Third Circuit Court of Appeals on December 29, 2003. (Doc. No. 20.) No activity occurred in this case between December 29, 2003 and March 3, 2021, when Plaintiff began filing a variety of "notices" with this Court. (See Doc. Nos. 21-24.)

On May 7, 2022, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. (Doc. No. 30.) In the Motion, Plaintiff "requests that the court reopen the case and grant leave to file an amended complaint." (Id. at 3.) The Motion asserts the following causes of actions: 1) "injunctive relief", 2) "liability of the United States", 3) "trade name disparagement", 4) "prohibition against discrimination or segregation in places of public accommodation effecting commerce", 5) "local anti[-]competitive influence conduct by the police and magistrate evidencing discrimination in price, service and selection of customers", 6) "unfair trade practices and harassment", 7) "interference with commerce by threats", 8) "violations of civil rights". (Id. at 4-6.)

---

[3]  Originally, a magistrate judge recommended that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (See Doc. No. 15.) This Rule provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

As to the basis for his Motion, Plaintiff asserts that, when he filed his original lawsuit, he "was unlearned [of the] law and did not know certain relevant facts that are important to enable [P]laintiff to maintain [his] complaint." (Id. at 3.) Further elaborating, "[b]ecause the knowledge of law and facts came into [P]laintiff's possession after the filing of the complaint and after the case was closed, [P]laintiff was unable to allege them in [P]laintiff's original complaint which was dismissed after service and answer of the [D]efendants." (Id. at 4.) Defendants have not filed a response to Plaintiff's Motion.[4]

### III.  LEGAL STANDARD

Plaintiff entitled the Motion "Motion for Leave to File an Amended Complaint." (Doc. No. 30.) However, it is evident from a review of both the docket and the Motion that, in actuality, Plaintiff is seeking to reopen his case.

As stated, Defendant's first case was dismissed with prejudice. (Doc. No. 16.) Thus, to be relieved of this judgment and reopen his case, Plaintiff must meet the requirements of Federal Rule of Civil Procedure 60(b).[5] See Coltec Industries v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (stating that the basis of plaintiff's Rule 60(b) motion is the dismissal with prejudice of the first five counts of the plaintiff's complaint). See also Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) (stating that Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances). Federal Rule of Civil Procedure 60(b) provides as follows:

---

[4]  The Court believes this is likely because of the 19-year passage of time between when Plaintiff's appeal was denied and when he filed the instant Motion.

[5]  In fact, Plaintiff cites Federal Rule of Evidence 60(b), among many other rules and statues, in his Motion. (See Doc. No. 30 at 10.)

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Moreover, relevant to this Motion, Rule 60(c) states:

> (c) Timing and Effect of the Motion.
>
>> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

FED. R. CIV. P. 60(c).

## IV.   ANALYSIS

Because the Court is construing Plaintiff's Motion as being brought under Rule 60(b), he does not state which subsection of the Rule is the basis for his Motion. However, Plaintiff does state that his Motion should be granted because he is now more educated on the law and has become aware of facts relevant to his claims. (See Doc. No. at 3.) Thus, the only relevant provisions of Rule 60(b) are 60(b)(1)-(2), or b(6). Each will be discussed in turn.

4

### A. Plaintiff's Motion will be denied because the Motion is untimely.

According to Federal Rule of Civil Procedure 60(c), a motion under Rule 60(b)(1)-(2) must be brought within a year after entry of judgment. Here, Plaintiff's Motion was filed nearly 19 years after the Third Circuit denied his appeal. Therefore, the Motion is far from being timely and will be denied.

### B. Plaintiff's Motion will be denied under Rule 60(b)(6) because Defendant has not shown an extreme and unexpected hardship warranting relief.

Moreover, under Rule 60(b)(6), Plaintiff has not shown an extreme and unexpected hardship warranting reopening his case. Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for "any . . . reason" other than those listed elsewhere in the Rule. Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). Courts are instructed to only grant relief under Rule 60(b)(6) when "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id. (quoting Sawska v. Healtheast, Inc., 989 F.3d 138, 140 (3d Cir. 1993)).

Here, Plaintiff has not met this high burden. The basis of his Motion is that he now has a better understanding of the law and can thus better argue his case. (See Doc. No. 30 at 3.) This is not an "extreme and unexpected" hardship that would warrant reopening his case from nearly 20-years go.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 30) will be denied. An appropriate Order follows.